NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PSC CUSTOM, LLC, DBA Polar Service Center, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> HANOVER AMERICAN INSURANCE COMPANY; SECTOR CORPORATION; ST. JOHNS CORPORATION, <br><br> Defendants-Appellees. | No. 22-35528 <br><br> D.C. No. 1:20-cv-00132-SPW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted July 14, 2023[**]
Seattle, Washington

Before: GRABER, GOULD, and PAEZ, Circuit Judges.

PSC Custom, LLC ("PSC") sued Hanover American Insurance Company

("Hanover") over Hanover's denial of coverage for the destruction of PSC's tank

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

wash center ("TWC"). In denying PSC's claim, Hanover contended that the relevant policy, issued in 2013, does not cover the TWC. The district court granted summary judgment in favor of Hanover. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291.[1] We "review the district court's grant of summary judgment de novo," *Bliss Sequoia Ins. & Risk Advisors, Inc. v. Allied Prop. & Cas. Ins. Co.*, 52 F.4th 417, 419 (9th Cir. 2022), and we affirm.

The policy provides coverage for "physical loss of or damage to *Covered Property* at the Premises[2] described in the Declarations." In turn, the policy defines "Covered Property" to include, among other things not relevant here, a singular "[b]uilding," which it defines to "mean[] *the building or structure described in the Declarations*, including: (1) Completed additions; (2) Fixtures, including outdoor fixtures; [and] (3) Permanently installed: (a) Machinery; and (b) Equipment[.]"Considered together, these provisions identify only one building ("Building 1") as the covered building. In 2013, when Hanover issued this policy,

---

[1] In opposing PSC's appeal, Hanover argued that we lack subject matter jurisdiction over this case because PSC does not have standing to sue under the insurance policy. The argument, in essence, is that PSC's breach of contract claim fails because PSC is not a party to, or a beneficiary of, the policy with Hanover. That contention goes to the merits of PSC's contract claim and does not require dismissal for lack of subject matter jurisdiction. Because the argument is not truly jurisdictional, Hanover waived or forfeited the issue by not raising it in the district court.

[2] "[P]remises" as used here describes the address, in Billings, Montana, of the land on which PSC built the TWC.

the TWC did not yet exist,[3] so it could not be "Building 1." The only plausible reading of the policy is that the office building, and not the TWC, is covered under the policy.

PSC's reliance on *Park Place Apartments, LLC v. Farmers Union Mutual Insurance Co.*, 247 P.3d 236 (Mont. 2010), is unavailing. In that case, the Montana Supreme Court held that a policy covering an apartment building did not unambiguously preclude coverage for that building's carport. The carport was already built when the policy issued, its value was included in the policy's valuation of the insured property, and it was merely an "add-on" to the covered building. *See id.* at 241–42. Here, by contrast, the policy limits coverage to Building 1, the TWC is an entirely distinct building, and it was constructed after the policy had been issued.

Likewise, PSC's argument that the policy covers the TWC as a fixture falls short. Although the TWC may be a "fixture" under Montana Code Annotated section 70-15-103, that does not mean it is a "fixture" under the policy. If the TWC fell under the policy's coverage for "fixtures," that reading would fail to give effect to the policy's limitation of coverage to Building 1.

**AFFIRMED.**

---

[3] The policy was not amended in any way relevant to this case after PSC built the TWC.